DAVID N. SCHULTZ, SB NO. 123094
E-mail: Schu1984@yahoo.com
PETER D. GORDON, SB NO. 76578
E-mail: peter@lawnet1.com
8050 Melrose Avenue, Second Floor
Los Angeles, California 90046-7015
Tel: (323) 651-2700; Fax: (323) 651-7015

Attorneys for Plaintiff ELISSA TEDESCO

ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
EMILY F. EVITT (SBN 261491),
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for certain Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ELISSA TEDESCO,

Plaintiff,

v.

SANDI PEPE, an individual; PETER PEPE, an individual; ALLISON GRODNER, an individual; RICHARD MEEHAN, an individual; AMY PALMER, an individual; LOUISE ROE, an individual; FLY ON THE WALL ENTERTAINMENT, INC., a California corporation; SONY PICTURES TELEVISION, INC., a Delaware corporation; THE CW NETWORK, LLC, a Delaware limited liability company; MTV NETWORKS ENTERPRISES, INC., a Delaware corporation; and DOES 1 to 10, inclusive,

Defendants.

CASE NO. CV 11-06203 JFW (JCx)

**STIPULATED PROTECTIVE ORDER**

DISCOVERY MATTER

Judge: Hon. John F. Walter
Magistrate: Hon. Jacqueline Chooljian
Ctrm.: 20
Pre-Trial Conference: Sept. 7, 2012
Trial: Sept. 25, 2012

Pursuant to an agreement between Plaintiff Elissa Tedesco ("Plaintiff") and Defendants Allison Grodner, Richard Meehan, Amy Palmer, Louise Roe, Fly On The Wall Entertainment, Inc., MTV Networks Enterprises Inc., Sony Pictures Television Inc., and The CW Network, LLC (collectively, "Defendants"), and approval of the Court, this Protective Order shall govern the production of confidential documents, deposition testimony and information in this action.

**I. PURPOSE OF THE PROTECTIVE ORDER**

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, confidential portions of documents, deposition testimony and information produced in this action.

**II. DESIGNATION OF CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION**

Any party or non-party who either produces documents or information, provides written discovery responses or gives deposition testimony in this action may designate such documents, responses, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" in accordance with the provisions of this Paragraph:

The parties and any non-party shall limit to whatever extent possible designating information as "Confidential Information" or "Restricted Confidential Information"

**A. <u>Criteria For Classification</u>**

1. "Confidential Information." A party or non-party may designate portions of documents, deposition testimony or information as "Confidential Information" if the party or non-party making such designation reasonably believes that certain designated portions of documents, deposition testimony or information contains or discloses trade secrets or other confidential technical or strategic information that has not been made public.

2. "Restricted Confidential Information." A party or non-party may designate documents, deposition testimony or information as "Restricted Confidential Information" if (a) the party or non-party making such designation reasonably believes that the documents, deposition testimony or information satisfy the criteria for designating such documents, deposition testimony or information as "Confidential Information" pursuant to Paragraph II(A)(1) above; and (b) the designating party believes, in good faith, the disclosure of the documents, deposition testimony or information is likely to cause harm to the competitive position of the designating party or non-party holding proprietary rights thereto. Such "Restricted Confidential Information" documents, deposition testimony and information may include, without limitation, source code, trade secrets, confidential technical information, technical practices, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees.

**B. <u>Time Of Designation</u>**

Unless otherwise agreed between counsel for the parties, the designation of "Confidential Information" or "Restricted Confidential Information" shall be made at the following times:

1. For documents or things, at the time of providing the receiving party with a copy of any requested document or thing. Documents and things produced for inspection shall be inspected only by persons entitled to receive "Restricted Confidential Information" pursuant to Paragraph III(B) below. Between the time of inspection and the time of receipt of a copy of any requested document or thing, the information contained therein shall be treated as "Restricted Confidential Information" and shall not be disclosed or used, except in accordance

with the provisions of this Protective Order governing "Restricted Confidential Information";

2. For declarations, written discovery responses, and pleadings pending to be filed under seal, at the time of the service or filing, whichever occurs first; and

3. For deposition testimony, at the time such deposition testimony is given, by a statement designating the deposition testimony as "Confidential Information" or "Restricted Confidential Information" made on the record or as set forth in Paragraph II(C)(4) below.

To the extent a party or non-party does not timely designate documents, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" such party or non-party may so designate documents, deposition testimony or information as provided under Paragraph II(D), below.

**C. Manner Of Designation**

The designation of documents, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" shall be made in the following manner:

1. For documents, placing the notation "Confidential Information" or "Restricted Confidential Information" on each page of such document containing such "Confidential Information" or "Restricted Confidential Information" information;

2. For tangible items and documents produced in native format, by placing the notation "Confidential Information" or "Restricted Confidential Information" on the object, container or electronic folder, or by indicating the designation in the accompanying cover letter, or if impracticable, as otherwise agreed by the parties;

3. For declarations, written discovery responses, court filings or pleadings, by placing the notation "Confidential Information" or "Restricted

Confidential Information" both on the face of such document and on any particular designated pages of such document; and

4. For deposition testimony, by orally designating the beginning and end point of the section of such deposition testimony as being "Confidential Information" or "Restricted Confidential Information" at the time the deposition testimony is given. Thereafter, the original and all copies of the "Confidential Information" or "Restricted Confidential Information" portions of the transcript of any such deposition testimony shall be separately bound and marked by the Court Reporter with the legend "'CONFIDENTIAL INFORMATION' or 'RESTRICTED CONFIDENTIAL INFORMATION.'" Such transcript and deposition testimony shall be disclosed and used only in accordance with the provisions of this Protective Order. At the request of Counsel for the designating party supplying the "Confidential Information" or "Restricted Confidential Information," only persons entitled under Paragraph III(A) hereinafter as to "Confidential Information" and/or Paragraph III(B) hereinafter as to "Restricted Confidential Information" shall be permitted to attend that portion of a deposition wherever or whenever any such "Confidential Information" or "Restricted Confidential Information" of such designating party is used or elicited from the deponent.

In addition to the above, counsel for any party or non-party may designate a deposition as "Confidential Information" or "Restricted Confidential Information" by serving upon counsel for each party a written list of the specific portions as to which such status is claimed. Such written list must be served within ten (10) business days after transmittal to counsel of the transcript of such testimony. All deposition testimony shall be treated as "Restricted Confidential Information" until the expiration of the ten (10) business day period and, if the aforesaid written list is served upon counsel, shall be treated as "Confidential Information" or "Restricted Confidential Information" as so designated.

**D. Subsequent Designation**

Failure to designate and/or mark any document, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents, deposition testimony, or information so designated. Such designation and request shall be made in writing. Once notified of the designation, the receiving party, must make reasonable efforts to assure that the document, deposition testimony or information is thereafter treated in accordance with the provisions of this Order, including making reasonable efforts to recover and return to the designating party all non-designated versions of any document, deposition testimony, or information that contains "Confidential Information" and/or "Restricted Confidential Information," and to notify all receivers of the nondesignated versions of document, deposition testimony, or information of the designation. After such designation, such documents, deposition testimony or information shall be fully subject to this Protective Order. Provided the receiving party and its counsel act in good faith to secure compliance with the terms of this Protective Order with respect to such "Confidential Information" and/or "Restricted Confidential Information" following its designation, the receiving party and its counsel, shall incur no liability for disclosures made prior to notice of such designation. The designating party may request in writing, and the receiving party shall within 10 day of such a request provide, an identification in writing of all persons not qualified under this Protective Order who have received the "Confidential Information" or "Restricted Confidential Information" prior to the time it was so designated.

**E. Resolution Of Disputes Regarding Designation**

The acceptance by a party of "Confidential Information" or "Restricted Confidential Information" shall not constitute an admission or concession or

permit an inference that such “Confidential Information” or “Restricted Confidential Information” are, in fact, “Confidential Information” or “Restricted Confidential Information.” However, the documents, deposition testimony or information will be treated as designated unless the receiving party follows the procedures to remove, change or otherwise declassify the designation as set forth in this Paragraph.

If a receiving party, at any time, wishes to have the “Confidential Information” or “Restricted Confidential Information” designation of any particular documents, deposition testimony or information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason therefor. Within ten (10) business days of the service of such request, counsel for the party or non-party seeking confidential treatment shall serve its response in writing to any such notification by either: (i) withdrawing such designation, or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the party or non-party designating the particular documents, deposition testimony or information believes it is entitled to the designation. If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party or non-party seeking confidential treatment may either comply with Local Rule 7-19/Paragraph 6 of the Standing Order in this case or Local Rule 37-2 (Joint Stipulation) to seek permission of the Court to so designate the particular documents, deposition testimony or information. Unless otherwise extended by consent of the parties, the designating party or non-party shall file its ex parte application or joint stipulation within 14 days of the Local Rule 37-1 meet and confer conference. The designating party or non-party shall have the burden of proving that such particular documents, deposition testimony or information are properly designated as “Confidential Information” or “Restricted Confidential Information” pursuant to Article II. If such application or motion is timely made, the parties shall treat the

document, deposition testimony or information as originally designated until the motion is decided by the Court.

## III. PERSONS TO WHOM CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION MAY BE DISCLOSED

### A. Disclosure Of Documents, Deposition Testimony And Information Designated As "Confidential Information"

Documents, deposition testimony or information designated by a party as "Confidential Information" may be disclosed and copies may be provided by the receiving party only to:

1. The receiving party's outside counsel of record, their associate counsel within their law firms, and such counsels' support staff, legal assistants and clerical personnel;

2. The receiving party's in-house counsel of record, their associate counsel within their law firms, and such counsels' support staff, legal assistants and clerical personnel;

3. Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

4. Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action, and the employees of such experts or consultants who are assisting them, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

5. The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court in which event such

information shall be submitted for filing under seal pursuant to Local Rule 79-5 and paragraph 9 of the Standing Order in this case; and

6. Party representatives, provided that any such party representative has signed an Undertaking, as provided in Paragraph III(C), below.

**B. <u>Disclosure Of Documents, Deposition Testimony And Information Designated As "Restricted Confidential Information"</u>**

Documents, deposition testimony and information designated as "Restricted Confidential Information" may be disclosed and copies may be provided by the receiving party only to:

1. The receiving party's outside counsel, and such counsel's support staff, legal assistants and clerical personnel;

2. The receiving party's in-house counsel of record, their associate counsel within their law firms, and such counsels' support staff, legal assistants and clerical personnel;

3. Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

4. Expert witnesses or consultants, and the employees of such experts or consultants who are assisting them, retained by the receiving party or its respective attorneys in connection with this action, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

5. The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court in which event such information shall be submitted for filing under seal pursuant to Local Rule 79-5 and paragraph 9 of the Standing Order in this case; and

Nothing herein shall preclude the receiving party's outside counsel of record from providing advice to its clients based on "Confidential Information" or "Restricted Confidential Information" documents, deposition testimony and information, without disclosing the substance of the "Confidential Information" or "Restricted Confidential Information" documents, deposition testimony and information.

**C. <u>Undertaking Required By Party Receiving "Confidential Information" Or "Restricted Confidential Information"</u>**

Any recipient of another party's Confidential documents, deposition testimony and information subject to this Protective Order, except persons entitled to receive "Confidential Information" or "Restricted Confidential Information" documents, deposition testimony and information pursuant to Paragraphs III(A)(3) or (5) and III(B)(3) or (5), prior to accepting receipt thereof, shall be furnished with a copy of this Protective Order. Any recipient of another party's documents, deposition testimony or information subject to this Protective Order, except persons entitled to receive "Confidential Information" or "Restricted Confidential Information" pursuant to Paragraph III(A)(1), (2) (3) and (5) and Paragraph III(B)(1), (2), (3) and (5), shall agree to be bound thereby by executing an agreement, in the form attached hereto as Exhibit A, certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms and, specifically, that the recipient will not disclose any "Confidential Information" or "Restricted Confidential Information" except as provided in this Protective Order, and will not use any "Confidential Information" or "Restricted Confidential Information" except for the purpose of this litigation. A copy of such signed agreement shall be provided by the receiving party's counsel of record to the designating party counsel of record prior to providing the recipient with any "Confidential Information" or "Restricted Confidential Information."

**D. Additional Authorized Disclosure Of Documents, Deposition Testimony Or Information Designated As "Confidential Information" or "Restricted Confidential Information"**

Notwithstanding anything to the contrary in Paragraphs III(A) or III(B) above, particular documents, deposition testimony and information that have been designated as "Confidential Information" or "Restricted Confidential Information" may be disclosed and copies may be provided:

1. To persons who can be shown from the face of the document to have authored, prepared, reviewed, or received the document or for whom, at deposition testimony, a proper foundation has been laid establishing that the witness was a recipient of the document or the information contained within it;

2. To any other persons with the prior written consent of the party or non-party that designated such particular document, deposition testimony and information as "Confidential Information" or "Restricted Confidential Information"; and

3. To any other persons with the prior authorization of the Court.

**IV. USE OF "CONFIDENTIAL INFORMATION" OR "RESTRICTED CONFIDENTIAL INFORMATION"**

**A. Use Of Designated Documents and Information**

1. "Confidential Information" or "Restricted Confidential Information" shall be used by the receiving parties, their respective agents, and any other persons to whom such documents, deposition testimony and information may be disclosed pursuant to the Protective Order, for no purpose other than: (a) the prosecution or defense of this action; or (b) as otherwise compelled by lawful process (provided the designating other party is given reasonable notice to object); or (c) as otherwise required by law; or (d) as permitted by the Court.

2. Notwithstanding the parties' designation of "Confidential Information" or "Restricted Confidential Information," any Court hearing that

refers to or describes "Confidential Information" or "Restricted Confidential Information" may be held in open court with records unsealed, provided the designating party is afforded reasonable notice of the receiving party's intent to disclose such "Confidential Information" or "Restricted Confidential Information" in open court, so that the designating party has a reasonable opportunity to seek to maintain the confidentiality of the "Confidential Information" or "Restricted Confidential Information." However, any party may request that the proceedings be conducted in camera out of the presence of any unqualified persons, and any transcript relating thereto be designated as "Confidential Information" or "Restricted Confidential Information" and prepared in accordance with the provisions of Paragraph II(C) above.

3. In the event a party wishes to use any "Confidential Information" or "Restricted Confidential Information" of the other party in any affidavits, briefs, memoranda of law, or other papers to be filed in Court in this litigation, the party shall comply with Local Rule 79-5 and Paragraph 9 of the Standing Order in this case.

4. The parties shall provide each other with a list of "Confidential Information" or "Restricted Confidential Information" documents, deposition testimony or information to be used at trial at such time as the list of exhibits is ordered by the court to be exchanged among the parties to enable the designating party sufficient opportunity to seek a protective order. Any such "Confidential Information" or "Restricted Confidential Information" which is designated by any party to be introduced at trial may be offered into evidence in open court unless the opposing party obtains an appropriate protective order from the Court before its introduction. Should a party at trial determine that reference to previously unlisted "Confidential Information" or "Restricted Confidential Information" is necessary for impeachment or due to surprise, the provisions of Paragraph IV(A)(2) shall be applied.

5. Nothing in this Protective Order shall affect the admissibility of "Confidential Information" or "Restricted Confidential Information," or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of "Confidential Information" or "Restricted Confidential Information." This Protective Order is without prejudice to any party seeking an order from this Court imposing further restrictions on the dissemination of "Confidential Information" or "Restricted Confidential Information," or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.

6. In the event any person in receipt of "Confidential Information" or "Restricted Confidential Information" shall receive a written request, subpoena, or Court Order seeking disclosure of another party's "Confidential Information" or "Restricted Confidential Information," such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

7. A party producing any document or thing for inspection may retain the original of such document or thing which is subject to this Protective Order, but the receiving party, by its counsel of record, shall have the right to examine the original, to be provided with a full and complete copy thereof at its expense, and to call for production of the original at the trial of this action, if reasonably necessary.

## V. DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION EXCLUDED FROM PROTECTIVE ORDER

The obligations relating to any document, deposition testimony or information subject to this Protective Order shall not apply to any document, deposition testimony or information designated as being subject to this Protective Order which: (a) was lawfully in the receiving party's possession prior to the

receipt from the supplying party; (b) became public knowledge by means not in violation of the provisions of this Protective Order; (c) was, or is hereafter, obtained from a source or sources not under an obligation of secrecy to the other party; (d) is discovered independently by the receiving party; or (e) is exempted from the provisions of this Protective Order by written consent of the party producing such "Confidential Information" or "Restricted Confidential Information." Notwithstanding the provisions of Article III above, nothing herein shall prevent any producing party from using or disclosing its own "Confidential Information" or "Restricted Confidential Information." Nothing in this Order shall preclude any party from showing an employee of a designating party at a deposition of that employee any "Confidential Information" or "Restricted Confidential Information" of the designating party.

**VI. RETURN OF DOCUMENTS, DEPOSITION TESTIMONY OR INFORMATION**

Within sixty (60) days after conclusion of litigation, outside counsel for each receiving party or other individual subject to this Protective Order (which does not include the Court and Court personnel) shall be under an obligation to assemble and return to the designating party, or to destroy (and certify the destruction) should the designating party so permit, any document, deposition testimony and information subject to this Protective Order and all copies thereof. Any copy of any document, deposition testimony or information designated by the opposing party as "Confidential Information" or "Restricted Confidential Information" containing notes of outside counsel may be destroyed rather than returned. Notice of the return or destruction of any "Confidential Information" or "Restricted Confidential Information" shall be made in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, outside counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or consultant which contain "Confidential

Information" or "Restricted Confidential Information" and litigation documents containing "Confidential Information" or "Restricted Confidential Information" which become part of the record of this action, including pleadings, briefs, deposition transcripts and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order, during the course of this action.

**VII. SURVIVAL**

All obligations and duties arising under this Protective Order shall survive the termination of this action.

**VIII. INADVERTENT PRODUCTION**

The inadvertent or mistaken disclosure of any "Confidential Information" or "Restricted Confidential Information" by a producing party, without the designation required under Article II, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving party promptly after the producing party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party to whom "Confidential Information" or "Restricted Confidential Information" was inadvertently disclosed; and upon receipt of these properly marked documents, the receiving party shall return to the producing party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof. Nothing in this paragraph shall prevent the receiving party from using the properly marked copy of the inadvertently produced document in any way consistent with this Order.

If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, in the event the receiving party discovers that it has received such documents, it will bring that fact to the attention of the producing party immediately upon discovery. In the event that the producing party discovers that it has produced either attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the receiving party immediately upon discovery. Upon request by the producing party, the receiving party will promptly return to the producing party any attorney client privilege or work-product-protected document and any copies that the receiving party may have made. Upon request by the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document. Further, the receiving party must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. Return of the documents by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for any order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

**IX. NO IMPLIED WAIVER OR ADMISSION**

No party shall be obligated to challenge the propriety of any designation of "Confidential Information" or "Restricted Confidential Information" by another party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

//

//

## X. NOTICE AND SERVICE

For purposes of any provisions in this Protective Order requiring or permitting service of a notice, objections, requests, responses, designations or the like, service shall be accomplished either by email or by overnight delivery via a commercial delivery service to all counsel of record. When served via email, service shall be deemed complete on the date of transmission if the electronic transmission occurs before 5:00 p.m. Pacific time; otherwise, service shall be deemed complete the next business day. Service via overnight delivery shall be deemed complete upon delivery.

**IT IS SO ORDERED.**

Dated: February 22, 2012 By: /s/
Hon. Jacqueline Chooljian, Magistrate Judge

**EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I have read the Protective Order governing the production of "Confidential Information" and "Restricted Confidential Information" in the case of *Tedesco v. Pepe et al.*, *Case No.* CV 11-06203 JFW (JCx) ("Order"). I understand the terms of the Order and agree to be fully bound by them, specifically, that I will not disclose any "Confidential Information" or "Restricted Confidential Information" except as provided in the Order, and will not use any "Confidential Information" or "Restricted Confidential Information" except for the purpose of this litigation. I hereby submit to the jurisdiction of the U.S. District Court, Central District of California, for purposes of enforcement of the Order. I understand that any violation of the terms of the Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Date: ______________________ Signature: ____________________________________